IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELLEN C-B.,[1]    No. 6:22-cv-01650-JR

        Plaintiff,    OPINION & ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

RUSSO, Magistrate Judge:

Plaintiff Ellen C-B. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title II Disability Insurance Benefits under the Social Security Act ("the Act"). All parties have consented to allow a Magistrate Judge to enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). ECF No. 20. For the reasons set forth

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

below, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

## PROCEDURAL BACKGROUND

Born in March 1972, plaintiff alleges disability beginning January 23, 2019, due to Stage 3 Carcoidosis, and spine and leg pain. Tr. 71. Her application was denied initially and upon reconsideration. Tr. 93-97, 99-103. On September 10, 2021, plaintiff appeared at an administrative hearing before Administrative Law Judge ("ALJ") John Michaelsen. Tr. 35-55. On October 8, 2021, the ALJ issued a decision finding plaintiff not disabled from the alleged onset date through the date of decision. Tr. 16-34. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 7-12.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of January 23, 2019 through the date of the written decision, October 8, 2021. Tr. 21. At step two, the ALJ determined the following impairments were medically determinable and severe: "sarcoidosis, depression, lumbar radiculopathy, obesity, and rheumatoid arthritis." Tr. 21. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 22.

Because she did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that she:

> is further limited to no more than frequent stooping, crouching, crawling, or kneeling and no more than occasional climbing. She would need to avoid

2 – OPINION & ORDER

> exposure to dust, fumes, gases, poor ventilation, and other noxious odors. She would need to avoid driving at night. She is further limited to simple, repetitive, routine tasks with no more than occasional contact with co-workers and the general public. Interactions with co-workers should be brief and structured.

Tr. 25.

At step four, the ALJ determined plaintiff was unable to perform any past relevant work. Tr. 29. At step five, the ALJ found plaintiff had the ability to perform jobs that exist in significant numbers in the national economy, specifically as a Cutter/Paster, representing 11,789 jobs; Nut Sorter, representing 1,798 jobs; and Addresser,1 representing 2,087 jobs. Tr. 30.

## DISCUSSION

Plaintiff argues the ALJ erred in two ways at step five: by (1) failing to properly consider her borderline age when determining her age category, and (2) failing to identify a significant number of jobs within the plaintiff's residual functional capacity. Pl. Br., ECF No. 12 at 9. The Commissioner agrees this case should be sent back, but seeks a complete *de novo* review on remand, rather than the targeted, step-five-specific remand plaintiff requests. Def. Br. at 3-7.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Biestek v. Berryhill*, ⎯⎯ U.S. ⎯⎯, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019) (internal citations omitted). When a court determines the Commissioner erred, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)).

3 – OPINION & ORDER

The Ninth Circuit has recently clarified that the scope of remand is defined by the relief plaintiff seeks in the underlying complaint. In *Brown v. Kijakazi* the Ninth Circuit recognized that "like any complaint in a civil action, a complaint filed by a social security claimant asserting a claim under § 205(g) must set forth the relief requested," and that "the *only* question is whether [plaintiff] should be granted the relief he requests." *Brown v. Kijakazi*, 11 F.4th 1008, 1009-10 (9th Cir. 2021) (emphasis in original). The Ninth Circuit emphasized that it had "no authority to set aside, or to disturb" aspects of the ALJ's decision the plaintiff did not challenge. *Id.*

Following *Brown*, the Court will limit its remand order to only those aspects of the ALJ's decision plaintiff challenges, rather than the "*de novo* hearing decision" the Commissioner requests. Def Br. at 6. The rule in *Brown* is clear: because only claimants can appeal under § 205(g) of the Social Security Act, the relief he or she requests in the complaint defines the scope of appellate review, and by extension, limits the permissible scope of remand. *Id.* at 1010. Here, plaintiff sought only that the Court "set aside the Administrative Law Judge's findings at step five," and "[t]hat this matter be remanded to the Social Security Administration for new step-five findings." Compl. ECF No. 1 at 2. Plaintiff did not challenge the ALJ's findings at steps one through four. *See id.,* Pl. Br. at 1-15. The Court is therefore constrained to consider only those issues plaintiff raises. Pl. Br. at 9-15.

The Commissioner's fears that this limited remand would extend the Ninth Circuit's holding in *Brown* are misplaced. The Commissioner mischaracterizes plaintiff's argument as an attempt to "seek a new decision for the entire period" that would "interfere with the agency's factfinding responsibility." Def. Br. at 4. On the contrary, plaintiff seeks remand to allow the ALJ to carry out his factfinding responsibility, and only asks that he do so in accordance with the law at step five. Pl. Br. at 14-15. The Commissioner does not contest that the ALJ erred at step

five. *See* Def. Br. Nor does plaintiff's limited remand request yield the "expansion of *Brown*" the Commissioner contends. Def. Br. at 6. The Commissioner worries the ALJ's reconsideration of his step-five determination relevant to January 23, 2019 (plaintiff's alleged disability onset date), through October 8, 2021 (the date of the original ALJ opinion) would necessarily apply through plaintiff's date last insured of December 31, 2024 "without regard to what the evidence from the later period shows." Def. Br. at 5. Not so. Plaintiff asks this Court to rule only on the relief requested in his complaint and opening brief, which will not involve consideration of the time period after October 8, 2021.[2]

Having resolved the permissible temporal scope of remand, the Court proceeds to the merits of plaintiff's two issues. Only one of plaintiff's requested grounds justifies remand to the ALJ. Plaintiff first challenges the ALJ's decision not to consider her in the 50-55 year-old age bracket even though her age was "borderline" at the time of the alleged onset date. Pl. Br. at 9-14 (citing 20 C.F.R. § 404.1563(b) and the Commissioner of Social Security's Hearings, Appeals, and Litigation Manual ("HALLEX"), an internal Social Security Administration policy manual). In addressing these claims, the Ninth Circuit notes that this regulation does not require the ALJ to explain the reason why he did not choose an older age category. Specifically, the Ninth Circuit

---

[2] The Commissioner's request for a *de novo* hearing highlights an important aspect of this remand that is worth mentioning. The Commissioner correctly points out that the record the ALJ considers will not have any evidence of disability after the original decision date, and so the ALJ cannot issue a decision that rules on plaintiff's disability after October 8, 2021. Def Br. at 5. Plaintiff did not ask for more in her complaint or brief, and this Court therefore orders the ALJ to reconsider only the disability determination from plaintiff's alleged onset date through the date of the ALJ's original opinion. If plaintiff seeks DIB for the remainder of her covered period-- October 2021 through her date last insured--she will need to file a new claim for disability for that period, or seek to reopen the record before the ALJ with evidence of disability in that time frame. *See Smith v. Kijakazi*, 14 F.4th 1108, 1116 (9th Cir. 2021) (noting that ALJs must consider disability not only for the covered period as a whole, but also for "qualifying…portion[s] of that time" for which they are presented with evidence of disability).

5 – OPINION & ORDER

states that "[a]lthough an ALJ is required by regulation to *consider* whether to use an older age category in a borderline situation, there is no requirement that the ALJ explain in her written decision why she did not use an older age category." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1070 (9th Cir. 2010) (citing 20 C.F.R. § 404.1563(b)) (emphasis added); *Dattilo v. Berryhill*, 773 F. App'x 878, 881–82 (9th Cir. 2019); *see also Mark S. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-CV-00629-BR, 2020 WL 1917332, at *5 (D. Or. Apr. 20, 2020) ("POMS and the HALLEX do 'not carry the force of law and, therefore, the Court need not 'review allegations of non-compliance with it'"). Plaintiff does not engage with this binding case law, nor offer any explanation why her argument is distinguishable. *See* Pl. Br. at 9-14. Because the ALJ had no obligation to do more than "consider" plaintiff's borderline age, and that is what the ALJ did,[3] the Court will not order the ALJ to reconsider that aspect of his decision on remand.

Concerning the number of available jobs, however, the Court finds the ALJ ought to reconsider whether there are sufficient jobs plaintiff could perform at step five. The ALJ only identified 15,674 jobs plaintiff could perform, a number below what the Ninth Circuit has termed a "close call" in this area. *See Gutierrez v. Commissioner of Social Security*, 740 F.3d 519, 529 (9th Cir. 2014) (holding that 25,000 jobs constitutes a significant number, but presents a "close call"). Although other Courts in this District have upheld job numbers in the 10-20,000 range,

---

[3] Even if the HALLEX policy guidelines were binding on the ALJ, the ALJ's reasoning in this case was consistent with those guidelines. Specifically, the HALLEX provides: "The ALJ will explain in the decision that he ... considered the borderline age situation, state whether he ... applied the higher age category or the chronological age, and note the specific factor(s) he ... considered." HALLEX I-2-2-42(C)(5). Here, the ALJ stated "a borderline age situation exists," and explained "[t]he factors that eroded the occupational base were already considered in the reduction of the claimant to a sedentary work level and there are no additional adverse factors that suggest the application of the higher age category to be appropriate." Tr. 29. The ALJ, reasonably concluded the "use of a higher age category is not supported by the relevant factors" in line with HALLEX policy guidelines. Tr. 29.

6 – OPINION & ORDER

the Commissioner agrees with the plaintiff here, and likewise requests remand to reconsider available job numbers. *See, e.g.*, *Moey C. v. Comm'r, Soc. Sec. Admin.*, 2020 WL 39965, at *3 (D. Or. Jan. 3, 2020); *Mark M. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-cv-00495-MC, 2020 WL 7695848, at *4 (D. Or. Dec. 28, 2020) (14,355); *Kimberly T. v. Kijakazi*, 2022 WL 910083, at *8 (D. Or. Mar. 29, 2022) (15,000 national jobs); *Christine P. v. Comm'r Soc. Sec. Admin.*, 2021 WL 1649887, at *4 (D. Or. Apr. 27, 2021) (14,900). Given that it is a "close call," and both parties agree further consideration is appropriate, the Court finds the ALJ ought to take further VE testimony to reconsider the availability of jobs the plaintiff could perform between January 23, 2019-October 8, 2021 given her RFC at step five.

## CONCLUSION

For these reasons, I REVERSE the Commissioner's decision and REMAND this case for further proceedings.

IT IS SO ORDERED.

DATED this 25th day of April, 2024.

        /s/ Jolie A. Russo
        Jolie A. Russo
        United States Magistrate Judge